IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL CASE NO.** |
| v. | **1:13-cr-276-ODE-GGB** |
| **RAPHEAL BANKS, et al.** | |

**ORDER AND REPORT AND RECOMMENDATION**

Counsel for the Defendant Rapheal Banks has filed two motions related to Banks' rights under the Speedy Trial Act [Docs. 238, 240]. The first motion, in its entirety, consists of a one-sentence demand for a speedy trial [Doc. 238]. The basis of that motion is unclear, particularly in light of the fact that counsel consented to the continuance of a pre-trial evidentiary hearing [see Doc. 223]. That hearing is scheduled to be held on January 12 and 13, 2015 [Doc. 226]. The "motion for speedy trial" is therefore **DENIED WITHOUT PREJUDICE**, and counsel is directed, if he so chooses, to renew his motion with a memorandum of law in support, as required by this Court's local rules. LCrR 12.1, NDGa; LR 7.1(A)(1), NDGa.

In the second motion, Banks seeks to have his indictment dismissed based on a violation of the Speedy Trial Act [Doc. 240]. Specifically, he asserts that he was arrested by state authorities on January 18, 2013, and that federal agents sought an arrest warrant for Ladarious Gibbs, Banks' co-defendant, on January 21, 2013. He

argues that January 21 is the day that "federal law enforcement actively began working the case" triggering the speedy trial act. Accordingly, he argues, as his May 20, 2014 indictment was more than 30 days after January 21, 2013, his indictment should be dismissed in light of 18 U.S.C. § 3161(b).

Banks' assertion—that the 30-day period should run from the date that federal authorities sought an indictment against a co-defendant—is deficient under a plain reading of § 3161(b) in two regards. First, the statute provides that an indictment or information charging "an individual" be filed within 30 days of the arrest of "such individual." 18 U.S.C. § 3161(b). Therefore, an investigation involving a co-defendant does not trigger the 30-day period as applied to Banks. Further, the relevant 30-day period is triggered when the defendant is "arrested or served with a summons," not on the date that federal law enforcement sought a warrant. Id. Accordingly, Banks has failed to demonstrate that January 21, 2013, should be considered the triggering date for his speedy trial rights under 18 U.S.C. § 3161(a). To the extent that Banks may suggest that his arrest by state authorities triggered his speedy trial rights, that argument is foreclosed by Eleventh Circuit precedent. See United States v. Russo, 796 F.2d 1443, 1450-51 (11th Cir. 1986); see also United States v. Hatcher, 300 F. App'x 659 (11th Cir. 2008) (unpublished).

In light of the above, I **RECOMMEND** that Banks' motion to dismiss his indictment be **DENIED**.

SO ORDERED and RECOMMENDED this 30th day of December, 2014.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE