FILED IN CHAMBERS
U.S.D.C. - Atlanta

JUN 3 0 2015

James N. Hatten, Clerk

By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

DEREK C. TURNER (1); LADARIOUS
GIBBS (2); LARRY STINSON, JR.
(3); ANDRE CLARK (4); RONALD
WASHINGTON (5); BRANDON
WASHINGTON (6); and RAPHEAL
BANKS (7)

CRIMINAL CASE NO.

1:13-CR-276-ODE-GGB

ORDER

This criminal case is before the Court on the Report and Recommendation ("R&R") [Doc. 291] of United States Magistrate Judge Gerrilyn G. Brill.  Objections to the R&R have been filed by Defendants Derek Turner [Doc. 295], Brandon Washington [Doc. 296], and Ladarious Gibbs [Doc. 304].  For the following reasons, Defendants' objections [Docs. 295, 296, 304] are overruled, and the R&R is ADOPTED IN FULL.

I.   **General Background**

Defendants are charged in a second superseding indictment [Doc. 106] as follows:

Count I:        Carjacking   from   "K.H."   and   "C.M." on
                December 29, 2012, by Defendants Gibbs and
                Clark;

Count II:       Using  and  carrying  a  firearm  during  the
                December 29, 2012 carjacking by Defendant
                Clark;

Count III:      Using  and  carrying  a  firearm  during  the
                December 29, 2012 carjacking by Defendant
                Gibbs;

Count IV:       Carjacking from "T.T." on January 2, 2013, by
                Defendants Gibbs, Ronald Washington, Brandon
                Washington, and Clark;

| Count V: | Using and carrying a firearm during the January 2, 2013 "T.T." carjacking by Defendant Brandon Washington; |
|---|---|
| Count VI: | Carjacking from "A.H." on January 2, 2013, by Defendants Gibbs, Ronald Washington, Brandon Washington, and Clark; |
| Count VII: | Using and carrying a firearm during the January 2, 2013 "A.H." carjacking by Defendant Gibbs; |
| Count VIII: | Carjacking from "T.W." on January 11, 2013, by Defendant Turner; |
| Count IX: | Carjacking from "C.G." and "T.S." on January 11, 2013, by Defendant Turner; |
| Count X: | Using and carrying a firearm during the January 11, 2013 carjacking from "C.G." and "T.S." by Defendant Turner; |
| Count XI: | Carjacking from "T.D." on January 18, 2013, by Defendants Gibbs, Turner, and Stinson; |
| Count XII: | Using and carrying a firearm during the January 18, 2013 carjacking from "T.D." by Defendants Turner and Gibbs; |
| Count XIII: | Carjacking from "R.W." on January 18, 2013, by Defendants Gibbs, Turner, Stinson, and Banks; |
| Count XIV: | Using and carrying a firearm during the January 18, 2013 carjacking from "T.D." by Defendant Turner; and |
| Count XV: | Using and carrying a firearm during the January 18, 2013 carjacking from "T.D." by Defendant Gibbs. |

[Doc. 106].

The following motions are pending before the Court and have been addressed by the Magistrate Judge in her R&R:

**Defendant Turner**

- Preliminary <u>Bruton</u> Motion to Suppress Statements of Non-Testifying Co-Defendants [Doc. 57];

- Preliminary Motion to Suppress Statements Obtained in Violation of Defendant's Sixth Amendment Right to Counsel [Docs. 58, 69];

- Motion to Dismiss for Violation of Speedy Trial Act [Doc. 59, 70]; and
- Motion to Suppress Warrantless Seizure of Historical Cell Site Location Information [Doc. 230].

**Defendant Gibbs**

- Motion to Suppress Evidence [Docs. 55, 68, 83]; and
- Motion to Suppress Statements [Doc. 78].

**Defendant Clark**

- Preliminary Motion to Suppress Statements [Doc. 228]; and
- Preliminary Motion to Suppress Identification [Doc. 229].

**Defendant Ronald Washington**

- Motion to Suppress Statements of February 8, 2013 [Doc. 197]; and
- Motion to Suppress Search and Seizure of Cell Phones [Docs. 200, 225].

**Defendant Brandon Washington**

- Motion to Suppress Statements [Docs. 205, 264].

**Defendant Banks**

- Motion to Suppress [Docs. 191, 262];
- Motion to Sever Defendant [Doc. 194]; and
- Handwritten pro se Motion [Doc. 284].[1]

The Magistrate Judge held evidentiary hearings on the pending motions on January 12, 2015 and January 13, 2015 [Docs. 256, 257]. The R&R recommends that Turner's Preliminary Bruton Motion [Doc. 57] be granted to the extent he seeks a severance from co-defendants other than Defendant Clark.   The R&R deemed Ronald

---

[1]The R&R did not consider Banks' pro se motion because Banks is represented by counsel [Doc. 291 at 35].

3

Washington's motions [Docs. 197, 200, 225] to be withdrawn because he has entered a guilty plea.  The R&R deferred ruling on Banks' Motion to Sever [Doc. 194] to this Court.  The Magistrate Judge recommended that all other motions be denied.

Defendants Turner, Brandon Washington, and Gibbs timely filed objections to the R&R [Docs. 295, 296, 304].  Turner objects to the recommendations of the R&R with respect to his Motion to Suppress Statements [Docs. 58, 69] and his Motion to Dismiss for Violation of the Speedy Trial Act [Docs. 59, 70].[2]  Brandon Washington objects to the R&R's recommendation regarding his Motion to Suppress Statements [Docs. 205, 264].  Gibbs objects to the R&R's recommendations with regard to his Motion to Suppress Evidence [Docs. 55, 68, 83] and his Motion to Suppress Statements [Doc. 78].

## II. **Legal Standard**

The Court must conduct a de novo review of those portions of the Magistrate Judge's R&R to which a party objects.  Fed. R. Crim. P. 59(b)(3).  The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); <u>United States v. Raddatz</u>, 447 U.S. 667, 673-74 (1980).  For a party's objections to warrant de novo review, he "must clearly advise the district court and pinpoint the specific findings that [he] disagrees with." <u>United States v. Schultz</u>, 565 F.3d 1353, 1360 (11th Cir. 2009).  The remainder of the R&R, to which no party offers specific

---

[2]Turner also preserves an objection for appeal with regard to the resolution of his Motion to Suppress Warrantless Seizure of Historical Cell Site Location Information [Doc. 230].

4

objections, will be assessed for clear error only.  See Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) (Story, J.).

III. **Defendant Turner's Objections**

    A.   Motion to Suppress

Defendant Turner seeks to suppress custodial statements on grounds that the statements were obtained in violation of his Sixth Amendment right to counsel [Docs. 58 & 69].  The R&R recommends that the motion be denied because Turner voluntarily, knowingly, and intelligently waived his Sixth Amendment right [Doc. 291 at 10-11].  In his objection, Turner argues that he had requested an attorney several times and that Cobb County failed to provide one [Doc. 292 at 2].

The relevant facts are these:[3] Defendant Derek Turner was arrested on January 31, 2013, by the United States Marshals Service on a Cobb County, Georgia arrest warrant in connection with a carjacking that had taken place in Cobb County on January 18, 2013.  Turner was transported to the Cobb County Police Department ("CCPD") where he was interviewed by CCPD's Sergeant Noles.  Sgt. Noles advised Turner of his Miranda rights. Turner signed a "Waiver of Rights" and made a statement.

Turner was then introduced to Detective Zimbrick with the Atlanta Police Department ("APD"), who asked to speak with Turner regarding the APD's investigation of several carjackings and armed robberies in the city.  Det. Zimbrick gave Turner his Miranda

---

[3]Defendants do not object to the R&R's proposed findings of fact.  The Court accordingly takes the factual statements relevant to each objection from the R&R and adopts them as the findings of this Court.

warnings.  Turner responded that he understood his rights and that he wished to talk with Det. Zimbrick.  Det. Zimbrick did not threaten Turner or make any promises.  Turner never asked for an attorney or requested to stop the interview.

Turner's first appearance before a Cobb County Superior Court judge occurred on February 1, 2013, while Turner was in the Cobb County jail.  Later that month, Turner's mother contacted Det. Zimbrick and told him that Turner wished to speak with him again. Det. Zimbrick arranged an interview to occur on February 15, 2013. On that date, Turner acknowledged in a tape-recorded interview that, through his mother, he had contacted the agents in order to talk to them, and that the agents were there for that reason. Turner received his _Miranda_ warnings, indicated that he understood, and agreed to speak with the officers.  Turner did not ask for an attorney at any time.

In March 2013, Turner's mother again contacted Det. Zimbrick to say that Turner wished to speak with him.  Det. Zimbrick arranged an interview to occur on March 5, 2013, on which date Det. Zimbrick and Det. Thorp with Cobb County met with Turner at the Cobb County jail.  Turner acknowledged that he had requested the interview, and Det. Zimbrick gave Turner his _Miranda_ warnings. Turner stated that he understood his rights and agreed to talk to the detectives.  He did not ask for an attorney.

Sometime between mid-March and April 2013, Federal Bureau of Investigation Special Agent ("S/A") Larry Guerra and Cobb County Det. Thorp met and discussed the possibility of Turner's case being prosecuted in federal court.  S/A Guerra began a federal investigation shortly thereafter.

6

On April 18, 2013, Turner was indicted in Cobb County for armed robbery, aggravated assault, hijacking a motor vehicle, and possession of a firearm during the commission of a felony. He was formally arraigned in Cobb County Superior Court on June 24, 2013. During his arraignment, Turner asked for an attorney; he explained that he had already completed five forms requesting a court-appointed attorney. The Assistant District Attorney informed the court that the case was going to be indicted federally.

Turner was indicted in this case on July 10, 2013. He was arraigned on August 28, 2013 and an attorney was appointed to represent him in this case on that date.

Based on the above facts--to which Turner raises no objection--Turner's statements to law enforcement officers were not obtained in violation of his Sixth Amendment right to counsel. "The Sixth Amendment prohibits admission of statements deliberately elicited by the government from the defendant after adversary criminal proceedings have begun, unless the defendant's counsel is present or the defendant waives his right to counsel." United States v. Gunn, 369 F.3d 1229, 1237 (11th Cir. 2004) (citing Massiah v. United States, 377 U.S. 201 (1964)). The Sixth Amendment right to counsel attaches when a defendant makes an "initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction." Rothgery v. Gillespie Cnty., Tex., 554 U.S. 191, 213 (2008).

Turner's Sixth Amendment right to counsel had not attached at the time he gave his first statement on January 31, 2013. His initial court appearance did not occur until the next day, on February 1, 2013. Thus, the officers did not obtain Turner's

January 31, 2013 statement in violation of his Sixth Amendment right.

The Government concedes that Turner's Sixth Amendment right to counsel attached on February 1, 2013, the date of his initial court appearance. Turner's second statement (February 15, 2013) and third statement (March 5, 2013) were therefore subject to the Sixth Amendment. The statements are admissible, however, because Turner waived his right to counsel on both occasions. A defendant may waive the right to counsel under the Sixth Amendment so long as the waiver is voluntary, knowing, and intelligent. <u>Montejo v. Louisiana</u>, 556 U.S. 778, 786 (2009). When a defendant initiates contact with law enforcement in order to give a statement, the defendant waives his Sixth Amendment right to counsel. <u>United States v. Gonzalez</u>, 183 F.3d 1315, 1323-24 (11th Cir. 1999), *superseded by regulation on other grounds as stated in* <u>United States v. Diaz</u>, 248 F.3d 1065, 1107 & n.59 (11th Cir. 2001). It is not necessary that a defendant be represented by counsel at the time he chooses to waive the Sixth Amendment right. <u>Montejo</u>, 556 U.S. at 786. A waiver is generally considered knowing and intelligent where the defendant was apprised of his <u>Miranda</u> rights, which include the right to have counsel present during interrogation, and agrees to waive those rights. <u>Id.</u>

Turner voluntarily waived his Sixth Amendment right by contacting Det. Zimbrick in order to speak with him. Turner was given his <u>Miranda</u> rights before each statement, and he agreed to waive those rights. Thus the waiver was knowing and intelligent. Although Turner had previously requested court-appointed counsel from Cobb County, he effectively waived his right to have counsel

8

present during the February 15, 2013 and March 5, 2013 interviews. Turner's objection is accordingly overruled, and the Motion to Suppress is due to be denied.

      B.   <u>Motion to Dismiss for Speedy Trial Violations</u>

      Turner also argues that his statutory and constitutional rights to a speedy trial have been violated and that the complaint therefore ought to be dismissed [Docs. 59, 70]. The R&R found no violation of the Speedy Trial Act, 18 U.S.C. § 3161(b), or the Sixth Amendment and recommends that Turner's motion be denied [Doc. 291 at 12-13]. Turner objects on grounds that he was held in state custody for four months before being indicted on federal charges in this case [Doc. 295 at 4].

      Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). A complaint will be dismissed or otherwise dropped for failure to meet the thirty-day time limit. 18 U.S.C. § 3162(a)(1). The Act applies only to federal prosecutions, and the clock does not begin to run until the defendant is delivered into federal custody. <u>United States v. Shahryar</u>, 719 F.2d 1522, 1524-25 (11th Cir. 1983). This is so even where the defendant has been arrested and held in state custody on similar charges. <u>United States v. Skanes</u>, 17 F.3d 1352, 1353 n.1 (11th Cir. 1994). Thus to the extent Turner argues that "everyone knew [as early as April 2013 that his case] would be prosecuted federally," and that he nevertheless spent several

months in state custody prior to being federally indicted on July 10, 2013, [Doc. 295 at 2-4], his argument is unavailing.[4]

Nor has Turner's Sixth Amendment right to a speedy trial been violated. The United States Supreme Court has established a balancing test for evaluating speedy trial challenges, under which the court should consider the length of delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972). Turner did not address these factors in his motion, and the R&R concluded that any delay in these proceedings was largely due to the consideration of pending motions and to Turner's successful request for a continuance of an earlier scheduled evidentiary hearing.

Turner's objection also fails to address the Wingo factors. His argument appears to be identical to his argument under the Speedy Trial Act; he contends that the delay between his arrest on state charges and his indictment in this case was unconstitutional. However, Sixth Amendment protection does not attach until formal indictment or arrest, United States v. Marion, 404 U.S. 307, 320 (1971), and any delay prior to Turner's being federally indicted did not violate his Sixth Amendment right to a

---

[4]Turner relies on United States v. Noel, 231 F.3d 833 (11th Cir. 2000), suggesting that civil detention by the INS might trigger the speedy trial clock on a subsequent federal prosecution where the civil detention is used as a "mere ruse[] to detain a defendant for later criminal prosecution," id. at 836 (internal quotation marks and citation omitted). Turner cites no binding authority applying the "mere ruse" exception outside the immigration context, and the Court is not aware of any such authority.

speedy trial in this case.  Thus, Turner's objection is overruled, and the motion to dismiss is due to be denied.

## IV.   **Brandon Washington's Objection**

Defendant Brandon Washington seeks to suppress all statements he made to law enforcement officers on grounds that he was not given <u>Miranda</u> warnings [Docs. 205 & 264].  The R&R recommends that the motion be denied because Washington was not in custody when he made the statements [Doc. 291 at 29-30].  Washington objects to the R&R, arguing that he was in custody because the officers interviewed him inside their vehicle [Doc. 296 at 3-4].

On January 30, 2013, Det. Zimbrick and Investigator Vincent Velasquez of the APD located Washington near an apartment complex that was his last known address.  The officers approached Washington, identified themselves, and asked whether they could talk with him about an investigation that they were conducting. The officers explained that they had no warrant for Washington's arrest, that he was not under arrest, and that he was under no obligation to speak with them.  Washington indicated that he would talk with the officers.

The officers brought Washington back to his mother's residence, where they explained to Washington's mother and again to Washington that he was under no obligation to speak to them. Washington agreed to speak with the officers.  Washington and the officers entered the officers' vehicle where they again told Washington that he did not have to speak to them.  The officers told him that the doors were unlocked and that he was free to leave at any time.  The officers did not use physical force or make any threats.  Washington was not arrested at that time.

11

Det. Zimbrick arranged a second interview with Washington to occur on February 3, 2013. On that date, Washington walked to the car driven by Det. Zimbrick and got in. Det. Zimbrick told Washington that he did not have to speak with the officers, that Det. Zimbrick did not have a warrant for Washington's arrest, and that Washington was not under arrest. Washington agreed to speak to Det. Zimbrick and Investigator Quinn. Washington was not restrained, and the officers made no threats or promises. Both the first and second interview were recorded.

Based on the above facts, to which Washington does not object, the Court finds that Washington's statements are admissible. Miranda warnings are required only when the person being questioned is in custody. Illinois v. Perkins, 496 U.S. 292, 296 (1990). A person is in custody if, based on the surrounding circumstances, a reasonable person would not feel free to end the interview and leave. Yarborough v. Alvarado, 541 U.S. 652, 663 (2004). Here, although it is true that both interviews occurred inside the officers' vehicle, the circumstances were such that a reasonable person would feel free to leave. The officers were not required to give Washington his Miranda warnings because Washington was not in custody. Washington's objection is overruled, and the motion to suppress is due to be denied.

## V.    Defendant Gibbs' Objections

### A.    Motion to Suppress Evidence

Gibbs seeks to suppress evidence seized pursuant to a search warrant on grounds that there was a material misrepresentation in the warrant application [Docs. 55, 68, 83]. The R&R recommends that the motion be denied because Gibbs has not made the required

preliminary showing to challenge the warrant [Doc. 291 at 18]. Gibbs now argues that the Magistrate Judge should have held an evidentiary hearing on the issue of the warrant's validity [Doc. 304 at 2].

On January 24, 2013, Det. Geoffrey Edgecomb of the CCPD submitted an affidavit and application for a search warrant to a judge of the Magistrate Court of Clayton County, Georgia. The application sought a warrant to search 1624 Norman Drive, Apartment 1703, Atlanta, for evidence of carjacking, armed robbery, and aggravated assault. The affidavit and application set forth the following facts as probable cause for the search:

> On 1/18/2013 at approximately 1312 hours[,] an aggravated assault and carjacking occurred at 2955 Cobb Parkway, Atlanta, Georgia 30039 in the jurisdictional boundaries of Cobb County. The female victim was about to enter her vehicle in the parking lot of a retail establishment when she was approached by two black males; both of whom were wearing red hooded sweatshirts. One of the males pressed a silver handgun against the victim's body and demanded the keys to her 2012 BMW Model X5. The suspects then grabbed the victim's purse away from her, removed her vehicle keys and entered the vehicle. The suspects then drove the vehicle away from the scene. The victim was taken to the hospital for medical evaluation due to being pregnant . . . . The victim's vehicle was later recovered by the Georgia State Patrol and a suspect was taken into custody who occupied said vehicle. **During an interview the suspect provided information identifying one of the carjackers. The victim was able to identify the suspect, Ladarious Gibbs, during a photographic line-up procedure and a warrant was obtained for his arrest on 1/21/2013** . . . .

[Doc. 76-3 at 1-2 (emphasis added)]. The affiant added that the U.S. Marshals Service began an investigation to locate and apprehend Gibbs and that Gibbs was located at 1626 Norman Drive, Apartment 1703, Atlanta, an apartment in which he kept some personal property. Based on the application and affidavit, the Clayton County magistrate judge issued the requested warrant.

13

Contrary to the affidavit, however, the victim did not identify Gibbs; it was co-defendant Rapheal Banks who identified Gibbs from a photographic line-up. Rapheal Banks was the "suspect" who was taken into custody at the time the vehicle was found. Banks provided accurate details about the crime and positively identified Gibbs in a sequential photographic line-up. Gibbs argues that the false statement in the affidavit was a material misrepresentation and that the warrant was therefore invalid.

An affidavit supporting an arrest warrant is presumed to be valid. Franks v. Delaware, 438 U.S. 154, 171 (1978). A challenger is entitled to an evidentiary hearing, however, if he "makes a substantial preliminary showing" that (1) the affiant deliberately, or with reckless disregard for the truth, included a false statement in the affidavit; and (2) the false statement (or omission) was necessary to the probable cause showing. Id. at 155-56. The challenger must offer proof in support of his allegations. Id. at 171. Here, Gibbs has not made the requisite preliminary showing with regard to either prong of the Franks test.[5] Gibbs' motion alleges only that the affidavit contained a false statement regarding the identification. Gibbs neither alleges nor offers proof that the false statement was made deliberately, or with reckless disregard for the truth, or that

---

[5]In his objection, Gibbs argues that an evidentiary hearing is necessary for him to compile the requisite proof of intent and materiality. It is settled, however, that the Fourth Amendment does not mandate a hearing absent a preliminary showing of proof.

the statement was necessary to the finding of probable cause.[6]
Gibbs' objection is therefore overruled and the Motion to Suppress
[Docs. 55, 68, 83] is due to be denied.

    B.   <u>Motion to Suppress Statement</u>

    Gibbs seeks to suppress custodial statements on grounds that
he did not voluntarily, knowingly, and intelligently waive his
<u>Miranda</u> rights [Doc. 78].   The R&R recommends that the motion be
denied [Doc. 291 at 22].   Gibbs argues by way of objection that he
had questions regarding his <u>Miranda</u> rights and refused to sign a
written waiver of his rights [Doc. 304 at 3].

    Gibbs was arrested in Clayton County, Georgia, on January 21,
2013, pursuant to a Cobb County arrest warrant.   Following his
arrest, Gibbs was interviewed by Det. Thorp and Sgt. Noles at the
CCPD.   Det. Thorp first introduced himself and told Gibbs that he
wanted to talk with him about an ongoing investigation.   After
several preliminary questions, Det. Thorp began to read Gibbs his
<u>Miranda</u> rights.   When Det. Thorp was about 75 percent finished,
Gibbs interrupted to ask whether he could still talk with the
police if he spoke with a lawyer.   Det. Thorp responded that he
would finish reading the rights and that Gibbs' question would
likely be answered.   Det. Thorp finished reading the rights; he
never specifically answered Gibbs' question.

    When Det. Thorp finished reading the <u>Miranda</u> warnings, he
asked Gibbs whether he understood his rights, and Gibbs
acknowledged that he understood.   Det. Thorp then asked Gibbs to

---

[6]Even corrected to reflect that the identification was made
by Banks rather than the victim, the application and affidavit
would likely have supported probable cause to issue the warrant.

read aloud the "waiver" portion of the <u>Miranda</u> form.  Gibbs read
the waiver aloud and agreed to speak with Det. Thorp.  Gibbs told
Det. Thorp that he did not want to sign the form because he
"didn't feel comfortable" and did not want to sign a written
waiver of his rights.  The officers told Gibbs that he was not
required to sign the form and proceeded to interview Gibbs.  The
officers made no threats or promises to Gibbs.  About forty
minutes into the interview Gibbs asked if he could have advice
from an attorney, and the interview ended at that point.

A knowing and intelligent waiver of <u>Miranda</u> rights is one
made with "a full awareness of both the nature of the right being
abandoned and the consequences of the decision to abandon it."
<u>Moran v. Burbine</u>, 475 U.S. 412, 421 (1986).  Having reviewed the
record, the Court finds that Gibbs knowingly and intelligently
waived his <u>Miranda</u> rights.  To the extent Gibbs argues that his
unanswered question shows an uninformed waiver, the Court
disagrees.  The question whether Gibbs could talk with the police
if he exercised his right to an attorney does not undermine his
understanding that he had a right to remain silent and a right to
an attorney.  Nor was Gibbs required to sign a written waiver; his
oral statement of waiver is strong proof of valid waiver.  <u>See
United States v. Bernal-Benitez</u>, 594 F.3d 1303, 1319 (11th Cir.
2010) ("[F]ailing to obtain a signed <u>Miranda</u> waiver alone is not
proof that the defendant did not freely and intelligently waive
his rights.").  Even considering both facts together, the Court
finds that Gibbs has not shown that his oral statement of waiver

16

was invalid to waive his <u>Miranda</u> rights.[7]   Gibbs' objection is overruled, and the motion to suppress is due to be denied.

## VI.   **Banks' Motion to Sever**

Banks is charged together with defendants Gibbs, Turner, and Stinson in Count Thirteen of the second superseding indictment; he is not charged in any other count.   Banks has moved to sever his case from his co-defendants under Federal Rule of Criminal Procedure 8 and 14, arguing that the remaining fourteen counts of the indictment pertain to unrelated acts [Doc. 194].

Defendants are properly joined in a criminal case where the charges "are united by some substantial identity of facts and/or participants."   <u>United States v. Morales</u>, 868 F.2d 1562, 1569 (11th Cir. 1989) (citations omitted).   Although defendants who are jointly indicted should generally be tried together, <u>see</u> <u>id.</u> at 1571, a court may order separate trials if it appears that a defendant will be prejudiced by a joinder of offenses or defendants, Fed. R. Crim. P. 14.

The Magistrate Judge deferred ruling on Banks' Motion to Sever but noted the following: The Government has stipulated that <u>Bruton</u> issues prevent Banks from being tried with any co-defendant other than Andre Clark.   Clark is charged in Counts One, Two, Four, and Six with carjackings that took place on December 29, 2012 and January 2, 2013.   The Government has not made a specific

---

[7]Gibbs also argues in his objection that his interrogation continued even after he invoked his right to an attorney.   It does not appear that Gibbs raised this argument before the Magistrate Judge [<u>see</u> Doc. 78] or that the issue was addressed at the evidentiary hearing [<u>see</u> Doc. 256 at 171-194].   The Court therefore will not consider the argument here.

proffer showing a connected series of transactions or any other connection between Banks and Clark.  It appears that the evidence against Clark and Banks would not overlap.  The R&R suggests that "[a]t this stage, the indictment and the government's proffer do not provide a basis for the court to conclude that there is a sufficient identity of facts and/or participants to justify a joint trial of Banks and Clark" [Doc. 291 at 34-35].  This Court agrees.  There is an insufficient basis for trying Clark and Banks together, and Banks' Motion to Sever is accordingly due to be granted.

## VII.  **Remainder of the R&R**

Having reviewed the remainder of the R&R to which no party has filed specific objections, the Court finds no clear error. The R&R is accordingly due to be adopted in full.

## VIII.    **Conclusion**

For the foregoing reasons, the Court OVERRULES the objections filed by Defendants Derek Turner [Doc. 295], Brandon Washington [Doc. 296], and Ladarious Gibbs [Doc. 304].  The R&R [Doc. 291] is ADOPTED IN FULL as the ruling of this Court.  The pending motions are disposed of as follows:

- Turner's Preliminary Bruton Motion to Suppress Statements of Non-Testifying Co-Defendants [Doc. 57] is GRANTED IN PART to the extent his motion seeks a severance from co-defendants other than Defendant Clark;

- Turner's Preliminary Motion to Suppress Statements [Docs. 58, 69] is DENIED;

- Turner's Motion to Dismiss for Speedy Trial Violations [Docs. 59, 70] is DENIED;

- Turner's Motion to Suppress Warrantless Seizure of Historical Cell Site Location Information [Doc. 230] is DENIED;

- Gibbs' Motion to Suppress Evidence [Doc. 55, 68, 83] is DENIED;

- Gibbs' Motion to Suppress Statements [Doc. 78] is DENIED;

- Clark's Preliminary Motion to Suppress Statements [Doc. 228] is DENIED;

- Clark's Preliminary Motion to Suppress Identification [Doc. 229] is DENIED;

- Ronald Washington's motions [Docs. 197, 200, 225] are deemed WITHDRAWN because he has entered a guilty plea;

- Brandon Washington's Motion to Suppress Statements [Docs. 205, 264] is DENIED;

- Banks' Motion to Suppress [Docs. 191, 262] is DENIED; and

- Banks' Motion to Sever [Doc. 194] is GRANTED.

SO ORDERED this ___30___ day of June, 2015.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE